OCTOBER TERM 1866.        105

Central National Bank of Worcester & another *v.* Worcester Horse Railroad Co. & others.

CENTRAL NATIONAL BANK OF WORCESTER & another *vs.*
WORCESTER HORSE RAILROAD COMPANY & others.

Prior to the enactment of *St.* 1866, *c.* 113, a street railway corporation could not be the subject of proceedings in insolvency in this commonwealth.

BILL IN EQUITY to set aside proceedings in insolvency, commenced on the 24th of March 1866 against the Worcester Horse Railroad Company, a corporation established under *Sts.* 1861, *c.* 148; 1863, *c.* 19; and 1864, *c.* 102. The question whether this corporation could at that date be the subject of proceedings in insolvency, under the laws of the Commonwealth, was reserved by consent of parties by *Gray,* J., for the determination of the full court.

*G. F. Hoar & T. L. Nelson,* for the plaintiffs.

*B. F. Thomas,* for the defendants.

GRAY, J.[*]  The single question now presented for decision is, whether under the statutes in force on the 24th of March 1866 the Worcester Horse Railroad Company could be the subject of proceedings in insolvency; or, in other words, whether a horse or street railroad corporation was within the exception of the general insolvent law, which provided that " any corporation created by authority of this state, except railroad and banking corporations," might institute such proceedings.  Gen. Sts. *c.* 118, § 113.

The provision of the General Statutes, above quoted, was taken from the first section of the *St.* of 1851, *c.* 327, by which corporations were first brought within the operation of the insolvent laws.  At the time of the passage of that statute, no corporation had yet been established in this state for the purpose of laying rails in the public highways and running horse cars thereon.  It was therefore argued for the defendants that the legislature could not have contemplated such corporations as included in the exception.  The same reason equally shows that

* This case was argued at Boston in January 1867, before all the judges but FOSTER, J.

they were not then contemplated as included in the general provisions of the act. The court is now called on to determine how the language, originally adopted without particular regard to these corporations, is to be applied since they have been established here and legislated for in other parts of a code of laws, in which the provision in question is reënacted. And in our opinion it is clear that they must fall within the exception of "railroad corporations," and not within the general class of corporations, out of which railroad corporations are excepted.

The chief characteristics of a railroad corporation, under the laws of this state, are that it is created mainly for the public benefit, and only incidentally for its own profit; intrusted with the public right of eminent domain for the purpose of taking land, at least outside of the common highways, and of laying iron rails and preparing the soil to support them; authorized and directed to carry passengers for fares in its own cars over its own rails; punishable for transgression of the rules prescribed for the public safety and convenience, and protected from interference with its rights, by indictment in behalf of the public; obliged to transport the cars and passengers of other similar corporations on terms fixed by commissioners appointed by this court; having a franchise which cannot be alienated, absolutely or in mortgage, without permission of the legislature; required to make annual returns showing its pecuniary condition and the mode in which it has discharged its public duties; and bound to surrender its charter and property to the public upon being paid a sum sufficient to reimburse its expenditures, and a reasonable interest or profit. A "horse railroad company," or, as it is more frequently and more appropriately called in the recent statutes, a "street railway corporation," has all these attributes; and is not the less a "railroad corporation," less public in its character, or more fit to have its franchise and property transferred to assignees under proceedings in insolvency, because (as its very names imply) it more generally uses horses, instead of steam power, to draw its cars; and lays its rails over land already devoted to the public use for a street or highway, and is therefore made by statute peculiarly subject in the location and use of its

'racks to the regulations of the municipal authorities. Gen. Sts. *c.* 63. *St.* 1864, *c.* 229. *Commonwealth* v. *Temple*, 14 Gray, 69. *Richardson* v. *Sibley*, 11 Allen, 65. *Metropolitan Railroad* v. *Quincy Railroad*, 12 Allen, 262. *Union Railway* v. *Mayor, &c. of Cambridge*, 11 Allen, 287.

An examination of the language of the various statutes upon the subject confirms our conclusion. Since the introduction into this commonwealth of railroads of this kind, the word "railroads" has been often used in general laws, the subject or context of which did not limit them to other railroads, as including both. The statute which first required street railway corporations to make returns was entitled "an act concerning the annual returns of railroads." *St.* 1857, *c.* 240. In the General Statutes, the provisions concerning them are contained in the chapter entitled "Of Railroad Corporations." Gen. Sts. *c.* 63, §§ 93, 139–145. See also *Sts.* 1861, *c.* 120; 1862, *c.* 135, § 3; 1863, *cc.* 100, 224; 1864, *c.* 167; *c.* 229, §§ 35, 36.

In the very charter of the Worcester Horse Railroad Company, *St.* 1861, *c.* 148, the word is used in the same sense. Section 2 prescribes the manner of "crossing all the branches and lateral tracks of any other railroad company." And section 14 provides that "said corporation shall be deemed a railroad corporation, so far as to be subject to make such annual returns to the legislature as are or may be prescribed by law; and also so far as to be subject to all existing provisions of law for the assessment and payment of damages for the land, outside of the streets and highways, taken by them for tracks; and to all general provisions of law that are or may be prescribed relative to horse or street railroads." A section in substantially the same form was inserted in most of the street railway charters granted for some time after the passage of the General Statutes, omitting the clause as to assessment of damages in two or three instances of corporations restricted to existing highways. *St.* 1860, *c.* 19, § 13; *c.* 35, § 14; 1861, *c.* 63, § 13; *c.* 89, § 14; *c.* 90, § 16; *c.* 135, § 15; *c.* 147, § 11. It is to be observed that the law prescribes in one chapter for the returns of each kind of railroad corporation; Gen. Sts *c.* 63, §§ 132–137, 143–145; that the

first clause of the section just quoted of course means to require those of a horse railroad only; and that it does this by simply declaring that the corporation " shall be deemed a railroad corporation " for the purpose of making returns.

The form of the corresponding section in the numerous charters granted before the passage of the General Statutes was somewhat different, and (with the single exception, we believe, of the *St.* of 1858, *c.* 29, § 5,) as follows : " Said corporation shall be deemed a railroad corporation, so far as to be subject to make such annual returns to the legislature as are or may be prescribed by law," (adding, in a few instances, the clause as to damages for land taken outside of the streets,) " but not to the other general provisions of law in relation to railroad corporations." See, for example, *Sts.* 1853, *c.* 353, § 11 ; 1854, *c.* 434, § 13 ; 1855, *c.* 336, § 13 ; 1859, *c.* 144, § 13 ; *c.* 202, § 14. The first part of this section would show that to some extent, at least, these were to be deemed railroad corporations ; and the last clause evidently refers to the general railroad acts, which regulated railroad corporations, and not to the insolvent act, out of which they were excepted ; in short, to the statutes which did apply to railroad corporations, not to those which did not. And this form has not been used in charters granted since the passage of the General Statutes, except in one or two instances, probably copied by inadvertence from the earlier charters. *Sts.* 1861, *c.* 15, § 11 ; *c.* 48, § 12.

The suggestion that the *St.* of 1866, *c.* 113, passed after these proceedings in insolvency were instituted, declares that " the provisions of the General Statutes relative to insolvent corporations shall be construed to apply to and include horse and street railroad corporations," is fully met by the consideration that this statute could not retrospectively determine the construction of previous laws, and would have been unnecessary if the effect of those laws had been as is now contended for the defendants.[*]       *Injunction made perpetual.*

---

[*] By *St.* 1867, *c.* 215, the *St.* of 1866, *c.* 113, is repealed.